IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
DAVID G. BYLSMA,                  )  CIVIL NO. 13-00228 LEK-RLP
                                  )
         Plaintiff,               )  FINDINGS AND RECOMMENDATION
                                  )  THAT (1) PLAINTIFF'S
    vs.                           )  APPLICATION TO PROCEED WITHOUT
                                  )  PREPAYMENT OF FEES BE GRANTED;
                                  )  (2) PLAINTIFF'S 24 CFR PART 964
HAWAII PUBLIC HOUSING             )  AND PROFESSIONAL NEGLIGENCE
AUTHORITY, HAKIM OUANSAFI,        )  CLAIMS BE DISMISSED; AND (3)
EARL NAKAYA, JOANNA RENKEN,       )  PLAINTIFF'S ADA RETALIATION
ROCHELLE AKAMINE,                 )  CLAIM FOR COMPENSATORY DAMAGES
                                  )  BE DISMISSED
         Defendants.              )
_____    )
```

FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE GRANTED; (2) PLAINTIFF'S 24 CFR PART 964 AND PROFESSIONAL NEGLIGENCE CLAIMS BE DISMISSED; AND (3) PLAINTIFF'S ADA RETALIATION CLAIM FOR COMPENSATORY DAMAGES BE DISMISSED[1]

On May 10, 2013, *pro se* Plaintiff David G. Bylsma ("Plaintiff") filed his Complaint against Defendants Hawaii Public Housing Authority ("HPHA"), Hakim Ouansafi, Earl Nakaya, Joanna Renken, and Rochelle Akamine (collectively "Defendants"). Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit ("Application"), which was filed on the same day.

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's Application, the Complaint, and the supporting declaration attached thereto, the Court HEREBY FINDS AND RECOMMENDS that (1) Plaintiff's Application be GRANTED; (2) Plaintiff's claims under 24 CFR Part 964 and for professional negligence under the Hawaii Revised Statutes be DISMISSED; and (3) Plaintiff's ADA retaliation claim for compensatory damages be DISMISSED.

BACKGROUND

Plaintiff alleges that he lives in "Federal State Public Housing" and has been volunteering on the Resident Council at Pumehana Public Housing in Honolulu, Hawaii for the last five years. See Compl. ¶ 1. Plaintiff also allegedly volunteers on the Resident Advisory Board ("RAB") for the State of Hawaii. Id. Defendants are HPHA and four individual employees of HPHA. See Compl. ¶¶ 2, 4, 8, 11.

Plaintiff's Complaint appears to assert three causes of action against Defendants: (1) violation of 24 CFR Part 964, the federal regulations entitled Tenant Participation and Tenant Opportunities in Public Housing (see Compl. ¶ 18); (2) professional negligence under the Hawaii Revised Statutes (see Compl. ¶ 21); and (3) unlawful retaliation pursuant to 42 U.S.C.

§ 12203(a) of the Americans with Disabilities Act of 1990 ("ADA") predicated on a violation of ADA Title II (see Comp. ¶¶ 23-24). Plaintiff's requested remedies include: (1) Defendant Ouansafi call him to inform him that he has received and reviewed the Complaint and that he will have another HPHA employee step in for Defendant Akamine and expedite Resident Participation Fund ("RPF") monies; (2) a meeting take place on May 17, 2013 with specific conditions and participation required; (3) if there is no agreement at the May 17 meeting, that Defendants Nakaya, Renken and Akamine be removed from public service, transferred to another department, or given the necessary training to do their jobs more professionally; (4) an audit of all RPF funding activity dating back to 2006 and a supplemental report on RPF funds added to the 5-year plan; (5) an audit done on every check Defendants Nakaya or Renken have written to themselves or received since 2007; (6) Plaintiff be relocated to a unit at Kalakaua Housing; and (7) monetary damages, including hospital visits. See Compl. ¶¶ 28-35.

## LEGAL STANDARD

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1) of the Prisoner Litigation Reform Act. "[A]n affidavit is sufficient

3

which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

Since Plaintiff is appearing *pro se*, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal *pro se* pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the

4

provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

## ANALYSIS

**A.   Plaintiff's IFP Application Should Be Granted**

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold.  The Department of Health and Human Services 2013 Poverty Guidelines indicate that the poverty threshold for a single-person family in Hawaii is $13,230.00.[2]  2013 HHS Poverty Guidelines, 76 Fed. Reg. 5182-01 (Jan. 24, 2013).  Plaintiff has submitted a declaration stating that his gross income is $676.00 per month and that he has limited other assets.  Based on this information, the Court finds that Plaintiff has demonstrated that he is unable to pay court costs at this time and qualifies for IFP status under 28 U.S.C. § 1915(a)(1).  Therefore, the Court recommends that Plaintiff's request to proceed without prepayment of fees be granted.

**B.   Plaintiff Fails to State a Claim For a Violation of 24 CFR Part 964**

Plaintiff alleges that HPHA has failed to provide RPF funds in a timely manner in violation of 24 CFR Part 964. However, these United States Department of Housing and Urban Development ("HUD") regulations do not confer rights on tenants,

---

[2]  Plaintiff has indicated that he has no dependents relying upon him for support.

nor do they create a federal cause of action.  See Mungiovi v. Chicago Hous. Auth., 98 F.3d 982, 985 (7th Cir. 1996); Comer v. Hous. Auth. of City of Gary, Ind., 615 F. Supp. 2d 785, 789 (N.D. Ind. 2009).  Instead, they create financial incentives for housing authorities to allow tenants to play a role in management.  Id.  If Plaintiff feels Defendants failed to comply with the applicable HUD regulations, he must complain to HUD, which in turn may respond by reducing HPHA's federal grant.  Id.  Plaintiff may not replace an administrative enforcement scheme with a judicial one.  Id.  Therefore, Plaintiff's 24 CFR Part 964 claim should be dismissed.

**C.   Plaintiff's Professional Negligence Claim is Barred By the Eleventh Amendment**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Pursuant to the Eleventh Amendment, states cannot be sued in federal court by their own citizens or citizens of another state.  Papasan v. Allain, 478 U.S. 265, 276 (1986).  The Eleventh Amendment also bars federal court actions against state agencies or instrumentalities.  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963,

967 (9th Cir. 2010).  Similarly, a suit for damages against a state official, in his or her official capacity, constitutes a suit against the state itself and is therefore also barred.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).

Eleventh Amendment immunity is not absolute, however. States, state agencies, and state officials may be held to answer in federal court in two limited circumstances: where the state unequivocally waives its sovereign immunity, and where Congress expressly abrogates state sovereign immunity with respect to a particular federal cause of action.  See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999) (waiver); Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (abrogation).

With respect to claims based on state law, the Eleventh Amendment completely immunizes states, state agencies, and state officials acting in their official capacities.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); Cent. Reserve Life of N. Am. Ins. Co. v. Struve, 852 F.2d 1158, 1161 (9th Cir. 1988).  The HPHA is a state agency, and, as such, the HPHA and its employees fall within the protection of the Eleventh Amendment.  See Kalai v. State of Haw., Dept. of Human Servs. Haw. Pub. Hous. Auth., Civ. No. 06-00433 JMS-LEK, 2008 WL 3874616, at *2-3 (D. Haw. Aug. 20, 2008) (concluding that HPHA is entitled to sovereign immunity).  Therefore, Plaintiff's

professional negligence claim under the Hawaii Revised Statutes is barred by Eleventh Amendment immunity and should also be dismissed.

**D.  Plaintiff's ADA Retaliation Claim May Proceed**

In enacting 42 U.S.C. § 12202, Congress attempted to expressly abrogate state sovereign immunity for violations of the ADA.[3]  However, in Garrett, the Supreme Court held that Congress did not validly abrogate state sovereign immunity from suit under Title I of the ADA, which relates to disability discrimination in the employment context.  See Garrett, 531 U.S. at 374.  Shortly thereafter, in Tennessee v. Lane, 541 U.S. 509 (2004), the Supreme Court, distinguishing Garrett, held that Congress validly abrogated state sovereign immunity for suits brought under Title II of the ADA, which covers disability discrimination in public services, programs, and activities.  See Lane, 541 U.S. at 533-34.  The Supreme Court has not yet addressed whether states are immune from suits for retaliation claims brought under the ADA's Title V miscellaneous provisions.

However, in Demshki v. Monteith, the Ninth Circuit held that the Supreme Court's ruling in Garrett applied to bar retaliation claims brought under Title V, at least where the

---

[3]  Section 12202 states, in relevant part, "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter."  42 U.S.C. § 12202.

claims were predicated on alleged violations of Title I. See Demshki, 255 F.3d 986, 988 (9th Cir. 2001). The Ninth Circuit has not yet confronted the issue of whether, as in this case, an ADA retaliation claim, predicated on alleged violations of Title II, is subject to state sovereign immunity. Since Lane, however, the Ninth Circuit has confirmed that its precedent "clearly commands the conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA." Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004). Under its reasoning in Demshki, the Ninth Circuit could conclude that the Supreme Court's ruling in Lane would abrogate sovereign immunity for retaliation claims predicated on alleged violations of Title II.[4] See Chiesa v. N.Y. State Dept. of Labor, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009) ("Applying the Title I and Title II conditions on liability to Title V ensures state employers receive the degree of protection Congress intended. If a state is immune from the underlying discrimination, then it follows that a state must be immune from claims alleging

---

[4] There is an argument that the Lane holding should be narrowly construed and that it is an open question as to whether Title II of the ADA validly abrogates state sovereign immunity where no fundamental right is at issue. See, e.g., Phiffer, 384 F.3d at 793 (O'Scannlain, dissenting). Without the benefit of full briefing by the parties, the Court takes no position as to whether sovereign immunity applies to Plaintiff's ADA retaliation claim in this case. For the purpose of resolving the instant IFP, however, the Court finds that this claim should proceed past the initial mandatory screening stage.

9

retaliation for protesting against discrimination."). Indeed, in the limited instances where this issue was specifically addressed by district courts, such claims were not barred. See, e.g., DeCotiis v. Whittemore, 842 F. Supp. 2d 354, 370-71 (D. Me. 2012); McCollum v. Owensboro Cmty. & Tech. Coll., No. 4:09-00121, 2010 WL 5393852, at *3 (W.D. Ky. Dec. 22, 2010); Demby v. Md. Dept. of Health & Mental Hygiene, No. 06-1816, 2009 WL 415265, at *1 (D. Md. Feb. 13, 2009); Sarkissian v. W. Va. Univ. Bd. of Governors, No. 1:05-144, 2007 WL 1308978, at *8 (N.D. W. Va. May 3, 2007). Accordingly, for IFP purposes, the Court finds that Plaintiff's ADA retaliation claim, predicated on alleged violations of Title II, should not be dismissed on the basis of Eleventh Amendment immunity.

Notwithstanding this finding, however, Plaintiff is not entitled to all of the relief he has requested. In particular, punitive and compensatory damages are not available for ADA retaliation claims. Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1270 (9th Cir. 2009). Cf. Ulaleo v. Paty, 902 F.2d 1395, 1398 (9th Cir. 1990) ("The eleventh amendment bars citizen suits against states, institutional arms of the state, and state officials in their official capacity when the relief sought is *retrospective* in nature, i.e., damages.") (emphasis in original). Rather, only prospective equitable relief may be awarded. Alvarado, 588 F.2d at 1270. Cf. Krainski, 616 F.3d at 967-68

(narrow exception to Eleventh Amendment immunity exists "where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights") (citation and emphasis omitted). Accordingly, Plaintiff's prayer for retroactive compensatory damages should be dismissed. Plaintiff's request that Defendants Nakaya, Renken, and Akamine be removed from public service, transferred to another department, or given the necessary training to do their jobs more professionally is for prospective relief and should be allowed to proceed.

**E.  Summary of Remaining Claim and Relief**

Although leave to amend a complaint should be freely given to *pro se* litigants before dismissal of an action, granting leave is not necessary where amendment would be futile. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action" ); Lopez, 203 F.3d at 1130 ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts"). In this case, Plaintiff's claims under of 24 CFR Part 964 and for professional negligence cannot be cured. Likewise, Plaintiff's request for

retroactive compensatory damages in relation to his ADA retaliation claim fails as a matter of law.  Accordingly, the Court finds that leave to amend these claims should be denied.  Thus, the Court concludes that Plaintiff's sole remaining claim should be his ADA retaliation claim, predicated on alleged violations of Title II, for prospective relief.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS as follows:

(1)  Plaintiff's Application to Proceed Without Prepayment of Fees, filed on May 10, 2013, be GRANTED.

(2)  Plaintiff's claims under 24 CFR Part 964 and for professional negligence under the Hawaii Revised Statutes be DISMISSED.

(3)  Plaintiff's ADA retaliation claim for compensatory damages be DISMISSED.

///
///
///
///
///
///
///

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 17, 2013.



_____
Richard L. Puglisi
United States Magistrate Judge

BYLSMA V. HAW. PUB. HOUS. AUTH., ET AL.; CIVIL NO. 13-00228 LEK-RLP; FINDINGS AND RECOMMENDATION THAT (1) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE GRANTED; (2) PLAINTIFF'S 24 CFR PART 964 AND PROFESSIONAL NEGLIGENCE CLAIMS BE DISMISSED; AND (3) PLAINTIFF'S ADA RETALIATION CLAIM FOR COMPENSATORY DAMAGES BE DISMISSED